FILED

02/22/2021

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2020 Session

**BRADI M. BAKER-BRUNKHORST v. GEOFFREY B. BRUNKHORST**

**Appeal from the Chancery Court for Madison County**
No. 75616      Kyle C. Atkins, Chancellor

**No. W2020-00154-COA-R3-CV**

This appeal arises from a divorce action. The matter in controversy concerns an attorney's fee lien and abstract of suit filed and recorded by the wife's former counsel following the entry of the divorce decree. In pertinent part, the decree required the husband to pay the entire equity in jointly owned real property to the wife contemporaneous with the wife quitclaiming her interest in the property to the husband; however, the husband died prior to the conveyance or the payment. Thereafter, the wife's former counsel filed a motion to perfect and enforce its attorney's lien on the property, and the court granted the motion. The administrator of the husband's estate filed a motion to release the attorney's lien, and the court ruled that the lien was valid and enforceable because neither party performed their respective obligations under the divorce decree. The administrator for the husband's estate then filed a Tenn. R. Civ. P. 59.04 motion to alter or amend on the grounds (1) there was no legal basis for allowing the wife's attorneys to file a charging lien against property awarded to the husband and (2) the lien was not valid because the attorneys based the lien on the wrong section of the statute. The court denied the Rule 59.04 motion to alter or amend, and this appeal followed. The singular issue in this appeal is whether the trial court abused its discretion by denying the Rule 59.04 motion. Because the administrator's motion was not based on a change in controlling law, previously unavailable evidence, or a clear error of law, *see In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005), we hold that the trial court did not abuse its discretion in denying it. Therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

William H. Shackelford, Jr., Jackson, Tennessee, for the appellant, the Estate of Geoffrey B. Brunkhorst.

Susan A. Hinsley, Tiffany Taylor Bowders, and Anne B. Davis, Memphis, Tennessee, for the appellee, Butler Sevier Hinsley & Reid, PLLC.

**OPINION**

Bradi M. Baker-Brunkhorst ("Wife") filed for divorce from Geoffrey B. Brunkhorst ("Husband") in Madison County Chancery Court on June 2, 2017, after less than five years of marriage. Husband filed an answer and counter complaint on July 10, 2017, and Wife filed an answer to Husband's counter complaint.

After Wife's attorney withdrew from the case in September 2018,[1] Wife retained the law firm of Butler, Sevier, Hinsley & Reid ("BSHR"). The employment agreement provided that BSHR had a right to place a lien on "all property, money, assets, alimony or things of value that are recovered, obtained, preserved, or protected" in the divorce action to satisfy the attorneys' fees.

Following mediation, the parties entered into a Marital Dissolution Agreement ("MDA"). The MDA addressed the division of two properties located in Jackson, Tennessee and owned by Husband and Wife as tenants by the entirety—1287 Hollywood Drive and 1305 Hollywood Drive ("the Hollywood Drive properties"). The MDA provided that Wife "shall sign a Quit Claim Deed prepared by the Husband's counsel within thirty (30) days of executing this document waiving all right, title and interest in and to said properties," and "Husband shall pay to Wife $115,000 (One hundred fifteen thousand dollars and no/100s) representing the entirety of the equity in both parcels of real property." Husband's payments were to be made in installments, with the first payment due on or before December 21, 2018.[2] On December 14, 2018, the court entered a Final Decree of Divorce incorporating the MDA and ordering Husband and Wife to pay their own attorneys' fees.[3]

Husband died on April 8, 2019.[4] As of the date of Husband's death, Husband had not remitted any of the required installment payments to Wife, and the spouses remained

---

[1] BSHR was the third law firm to represent Wife in the divorce proceedings.

[2] More specifically, the court ordered the installments to be paid as follows: (1) $15,000 on or before December 21, 2018; (2) $25,000 on or before April 30, 2019; (3) $25,000 on or before July 31, 2019; and (4) balance due on or before December 31, 2019.

[3] BSHR filed a motion to withdraw as Wife's counsel on January 2, 2019, and the court granted the motion in July 2019.

[4] Wife was arrested and incarcerated for allegedly killing Husband outside of his home at 1287 Hollywood Drive; she was incarcerated in the Madison County Criminal Justice Complex.

owners of record of the Hollywood Drive properties because Wife had not quitclaimed her interest in the properties to Husband.

On April 15, 2019, BSHR filed a Notice of Attorney's Lien and Abstract of Suit in accordance with Tenn. Code Ann. § 23-2-102[5] requesting that an attorney's lien attach against the Hollywood Drive properties to satisfy Wife's attorney's fees in the amount of $8,385.46. The Registrar's Office for Madison County, Tennessee, recorded the lien in Book L65, Pages 1464–1467.

On April 22, 2019, BSHR filed a Motion to Perfect and Enforce Attorney's Lien claiming an additional $1,401.25 in attorney's fees since filing its Notice of Attorney's Lien for a total of $9,786.71 in attorney's fees. The trial court heard BSHR's motion to perfect and enforce the lien on April 29, 2019. In an order entered on July 1, 2019,[6] the court awarded BSHR a judgment in the amount of $9,786.71 against Wife for its attorney's fees and granted BSHR's motion to perfect and enforce the lien.

On May 9, 2019, Angela Snider, counsel for Husband, filed a Suggestion of Death. On May 23, 2019, William H. Shackelford, Jr. ("Administrator") was appointed Administrator of Husband's estate. On July 12, 2019, Administrator, acting on behalf of Husband's estate, filed a Motion to Enforce Final Decree of Divorce, Marital Dissolution Agreement, Declare Rights in Real Property, and Motion to Release Abstract of Suit/Attorney's Lien. Administrator asked the court to enter an order declaring that the Hollywood Drive properties vested in Husband's estate in accordance with the final divorce decree and to release the attorney's lien from the properties.

BSHR filed a response contending Wife was not divested of her interest in the properties because neither Husband nor Husband's estate performed his obligations under the MDA, and Wife had not executed the quitclaim deed. Thus, the attorney's lien was proper.

---

[5] Whether it was a typographical error or not, BSHR's lien is based on Tenn. Code Ann. § 23-2-103, not -102, because BSHR did not begin the suit. Tenn. Code Ann. § 23-2-102 states, "Attorneys and solicitors of record who **begin** a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit." (Emphasis added). However, Tenn. Code Ann. § 23-2-103 states, "Any attorney or solicitor **who is employed to prosecute a suit that has already been brought** in any court of record shall have a lien upon the plaintiff's right of action from the date of the attorney's or solicitor's employment in the case[.]" (Emphasis added).

[6] Angela Snider, the attorney who represented Husband in the divorce, and Tiffany Bowders, attorney for BSHR, approved the order for entry.

The court held a hearing on August 19, 2019, and, in an order entered on September 11, 2019, the court found that neither Husband nor Wife performed his or her obligations under the MDA—Husband did not pay Wife the equity in the Hollywood Drive properties, and Wife did not transfer her interest in the properties to Husband. Based on those findings, the court ruled as follows:

> Therefore, this Court enforces the Marital Dissolution Agreement and Final Decree of Divorce, and, due to the death of Husband, orders title of said properties be placed in the name of the Estate of Geoffrey B. Brunkhorst and the Personal Representative shall be vested with authority to execute any and all documents to sell and dispose of the above mentioned properties with haste at the best price possible and Wife shall be paid for her interest in the properties, up to the amounts ordered in the Final Decree of Divorce and Marital Dissolution Agreement, following the payment of all encumbrances, liens, and expenses related to the sale.

> Furthermore, the Court finds that the Abstract of Suit filed on the 12th day of July, 2019, by the law firm of Butler Sevier Hinsley & Reid PLLC, is a valid and enforceable lien against said real properties, entitled to satisfaction as any other encumbrance against the properties at sale.

The property located at 1305 Hollywood Drive sold at a foreclosure sale for $30,000, conducted by an attorney, Brad Sigler, on behalf of the first lien-holder. After payment of the first lien and costs of sale, approximately $10,300 remained.[7] The remaining funds were placed in Mr. Sigler's escrow account.

Administrator filed a Tenn. R. Civ. P. 59.04 motion to alter or amend the judgment requesting that the court reconsider its ruling that the attorney's lien was valid and enforceable. Administrator first argued the attorney's lien was not valid because BSHR based its attorney's lien on the wrong statutory authority. Specifically, Administrator contended that, in BSHR's Notice of Attorney's Lien and Abstract of Suit, BSHR incorrectly cited to Tenn. Code Ann. § 23-2-102, which applies when an attorney initiates the suit on behalf of the plaintiff, rather than citing to § 23-2-103, which applies when the attorney is retained after the suit is initiated. Administrator also argued the attorney's lien was not equitable because the Hollywood Drive properties were awarded to Husband in the final divorce decree, and the parties were ordered to pay their own attorneys' fees.

BSHR filed a response contending Administrator's motion was improper under Rule 59.04 because Rule 59.04 "contemplates altering or amending a judgment on the basis

---

[7] The 1287 Hollywood Drive property was also sold at a foreclosure sale; however, there were no net proceeds after the satisfaction of the existing mortgage and costs of the sale.

of newly discovered evidence, when the controlling law changes before a judgment becomes final, or to correct a clear error of law." Because Administrator did not base his motion on any of those conditions, BSHR argued the court should deny it.

The court held a hearing on December 6, 2019, and entered an order on January 1, 2020, denying Administrator's motion. The court found that Administrator "presented no newly discovered evidence or facts not already known or presented to the Court" during the hearing on the motion to enforce the divorce decree and release the attorney's lien. Thus, the court upheld its ruling that the attorney's lien was valid and enforceable.

Administrator appealed.

## ANALYSIS

The sole issue on appeal is whether the trial court abused its discretion in denying Administrator's Rule 59.04 motion to alter or amend the judgment.[8]

We review a decision to grant or deny a Rule 59.04 motion to alter or amend a judgment under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). The abuse of discretion standard of review does not permit a reviewing court to substitute its discretion for that of the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the abuse of discretion standard of review does not immunize a trial court's decision from any meaningful appellate scrutiny. *Id*.

> [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id*. at 524–25 (internal citations omitted).

---

[8] We acknowledge that the parties raised other issues in their briefs. We, however, have determined that the other issues are rendered moot by our decision.

A Rule 59.04 motion to alter or amend a judgment provides "the trial court with an opportunity to correct errors before the judgment becomes final." *In re M.L.D.*, 182 S.W.3d at 895 (citation omitted). A trial court should grant the motion "when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice." *Id.* "A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments." *Id.* (citations omitted).

A charging lien, like the one here, is premised "on a lawyer's equitable right to have the fees and costs due for the lawyer's services in a particular action secured by the judgment or recovery in that action." *Starks v. Browning*, 20 S.W.3d 645, 650 (Tenn. Ct. App. 1999) (citations omitted). Tennessee Code Annotated § 23-2-103 provides that "[a]ny attorney or solicitor who is employed to prosecute a suit that has already been brought in any court of record shall have a lien upon the plaintiff's right of action from the date of the attorney's or solicitor's employment in the case." An attorney's lien "attaches to any proceeds flowing from a judgment, as long as the lawyer worked to secure the judgment for the client." *Starks*, 20 S.W.3d at 651 (citations omitted).

Administrator argues on appeal that the trial court erred because there was no legal basis for allowing Wife's attorneys to file a charging lien against properties awarded to Husband in the final divorce.[9] Accordingly, as BSHR notes, Administrator did not base his motion on a change in controlling law or previously unavailable evidence. Thus, the question is whether there was a ***clear*** error of law. *See In re M.L.D.*, 182 S.W.3d at 895 (A trial court should grant a Rule 59.04 motion "to correct a clear error of law.").

The facts are largely undisputed. Wife signed a contract allowing BSHR to satisfy its claim for attorney's fees by placing a lien on any property, money, or assets recovered in the divorce. Although Wife was to convey her interest in the Hollywood Drive properties to Husband and Husband was to pay Wife the equity in the properties, Husband died before Wife conveyed her interest in the properties to him. Thus, Husband and Wife still owned the Hollywood Drive properties as tenants by the entirety at the time of Husband's death, and Husband still owed Wife the equity in the properties. Moreover, although each had a contractual duty that survived Husband's death, upon Husband's death, Wife continued "to own the whole in fee simple." *See Bryant v. Bryant*, 522 S.W.3d 392, 400 (Tenn. 2017). Accordingly, Wife owned the Hollywood Drive properties when BSHR filed and recorded its Lien and Abstract of Suit.

---

[9] Administrator also contends on appeal that the lien was not valid because BSHR based its attorney's lien on the wrong statute, Tenn. Code Ann. § 23-2-102 instead of -103, because BSHR did not begin the suit. We have determined this issue was waived because it was raised for the first time in Administrator's Rule 59.04 motion to alter or amend the judgment. *See In re M.L.D.*, 182 S.W.3d at 895 ("A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments.")

It is undisputed that BSHR secured for Wife the equity in the Hollywood Drive properties and that Husband failed to remit any of the installment payments required by the MDA and final divorce decree. Moreover, Wife remained an owner of the properties at all material times. As previously stated, an attorney's lien "attaches to any proceeds flowing from a judgment, as long as the lawyer worked to secure the judgment for the client." *Starks*, 20 S.W.3d at 651. Therefore, the trial court correctly found that BSHR secured for Wife the equity in the Hollywood Drive properties and that neither Husband nor Husband's estate paid the equity in the properties to Wife.

Having found that the Administrator's Rule 59.04 motion was not premised on a change in controlling law, previously unavailable evidence, or a clear error of law, we find no basis upon which to conclude that the trial court abused its discretion in denying the motion to alter or amend the judgment. Accordingly, we affirm the trial court's decision to deny Administrator's Rule 59.04 motion.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, William H. Shackleford, Jr., Administrator of the Estate of Geoffrey B. Brunkhorst.

_____
FRANK G. CLEMENT JR., P.J., M.S.